UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

_____
In re:                                       )
                                             )
PATRINA CUTHBERTSON           )     Case No. 18-12627
                                             )     Chapter 13
    Debtor                                )
_____)

### OBJECTION TO CLAIM OF COMPTROLLER OF MARYLAND [Cl. Dkt. 23]) OR IN THE ALTERNATIVE TO RECONCILE CLAIMS 22; 23 AND LIEN ASSERTED BY CLAIMANT

PATRINA CUTHBERTSON (the "Debtor") hereby files this Objection to Claim Dkt. 23 of Comptroller of Maryland Or In the Alternative To Reconcile Claims 22, 23 and Lien Asserted By Claimant (the "Objection"), and states as follows:

### FACTUAL STATEMENT:

On or about February 28, 2018, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On September 16, 2018, the Debtor's Chapter 13 Plan as amended was confirmed. [Dkt. 41] The bar date for governmental unit claims was August 27, 2018.

As confirmation arose and the Court and Trustee desired to see this 6 month pending case brought a conclusion, the Debtor filed on or about August 22, 2018, a secured proof of claim for Comptroller [Cl. Dkt. 22] (the "Debtor's Claim") based upon a notice of lien that the Debtor had received and forwarded to the undersigned law firm. The Debtor's Claim provided for $19,199.35 *according to the notice of lien annexed thereto* from Prince George's County, MD, and carried the current rate of 13% afforded to the Comptroller on such a claim.

The confirmed Plan filed on August 28, 2018 provided for treatment of such claim as a secured claim under the Plan by the Trustee at $437.00 per month.

On August 23, 2018, the Comptroller filed its own proof of claim [Cl. Dkt. 23] (the "Comptroller's Claim") in the amount of $20,402.00 with a priority portion of only $6,116.00.  Accordingly, there are two competing claims of record.  The Debtor's Claim being based upon a publically filed Notice of Lien of Judgment For Unpaid Tax, and the second being a Comptroller's Claim for priority with a very small portion of the debt constituting a priority claim and no secured claim or lien asserted.

Ordinarily, common sense would dictate a withdrawal of the Debtor's claim because a superseding claim for minimal priority debt at $6,116.00 with a dischargeable larger unsecured portion as stated by the Comptroller's Claim is preferable to a large secured claim bearing 19% interest.   Yet, the problem in this situation with the Comptroller is twofold.

Firstly, on a practical level, the undersigned and at least one other practitioner have experienced problems post-discharge and after the final decree in Chapter 13 cases where Debtors want to refinance or sell and the Notice of Lien of Judgment for Unpaid Taxes remains pending and unreleased.  These cases can involve a different allowed priority proof of claim for a different amount as here, but there is an apparent disconnect between the Comptroller's issuance of liens of record, and filing of proofs of claim which never to the viewing of the undersigned set forth a lien or secured claim.

The second problem is purely legal and the consequences thereof.  It should be deeply troubling to this Court.  The Comptroller has advised the undersigned that it does not file secured or lien proofs of claim because of practical difficulties in its processing system.  Consequently, it would appear, that on a systemic level in this District, the Comptroller has filed

and continues to file thousands of claims *that are knowingly inaccurate under the penalty of perjury,* while secured claims or liens reside in the Circuit Court records or otherwise encumbering property of debtors including this Debtor.

A request to suspend Trustee distributions pending resolution of this issue has been filed and is pending. This Objection should be resolved before the Trustee makes any distributions in this case (as is obvious to all including the Trustee due to two competing claims of record).

IF the Comptroller's Claim [Cl. Dkt. 23] under penalty of perjury is accurate and shall remain the claim of record from the Comptroller in this case and for perpetuity, then the Comptroller needs to strike and withdraw with prejudice the Notice of Lien of Judgment for Unpaid Tax; and upon such filing with the Circuit Court for Prince George's County, MD and a Line in this Court reflecting same filed by the Comptroller, the Debtor shall withdraw the Debtor's Claim [Cl. Dkt. 22].

IF the Comptroller's Claim [Cl. Dkt. 23] under penalty of perjury is inaccurate, the Comptroller shall withdraw such claim of record in this case, and the Debtor's Claim and the Notice of Lien of Judgment shall survive and remain of record.

IN any case, the Comptroller should commit to an explanation to this Court, and provide a potential list of cases in which it has filed an unsecured claim in this Court while maintaining a Notice of Lien in any state court, and justifying how such actions are reconcilable. The Debtor contends fees and costs for counsel in the pursuit of this Objection should be assessed against the Comptroller absent a justification or excuse that the Bankruptcy Court will approve in connection with these actions or omissions by the Comptroller.

Local Rule 3007-1 requires this document recite that:

**WITHIN 30 DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD IN THE COURT'S DISCRETION.**

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter an Order (i) DISALLOWING Claim 23 and striking it from treatment with further action consistent with the Objection including allowing Claim 22 to remain of record; OR (ii) DISALLOWING Claim 22 and striking it from treatment with further action consistent with the Objection including allowing Claim 23 to remain of record; AND (iii) COMPELLING a justification or excuse from the Comptroller for the filing of sworn testimonial proofs of claim in this Bankruptcy Court while notices of lien are filed of record in the Circuit Courts of Maryland; and (iv) as may be appropriate, awarding fees and costs to counsel for the Debtor in connection with this Objection and further litigation; and (v) granting such other and further relief as equity and justice may require herein.

                                                  RESPECTFULLY SUBMITTED,

                                                  -------/S/ John D. Burns -------
                                                  _____
                                                  John D. Burns, Esq. (#22777)
                                                  The Burns Law Firm, LLC
                                                  6303 Ivy Lane, Suite 102
                                                  Greenbelt, MD  20770
                                                  (301) 441-8780
                                                  *info@burnsbankruptccyfirm.com*
                                                  Counsel for the Debtor

## **CERTIFICATE OF SERVICE**

        I hereby certify that on this 27th day of August, 2019, a copy of the foregoing Objection and proposed Order was served via first-class mail, postage prepaid (or by ECF to those registered recipients), upon:

**VIA ECF:**
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770

Timothy P. Branigan, Chapter 13 Trustee
9891 Broken Land Parkway, Suite 301
Columbia, MD  21046

**VIA MAIL**
Compliance Division
ATTN:  Lisa LeCompte
Room 409
301 W Preston Street
Baltimore, MD  21201

**VIA CERTIFIED MAIL**
Peter Franchot, Comptroller
Comptroller of Maryland
301 W Preston Street
Baltimore, MD 21201

Brian Frosh, Esquire
Attorney General of Maryland
200 St. Paul Place
Baltimore, MD  21202

                              RESPECTFULLY SUBMITTED,
                              -------/S/ John D. Burns -------

                              John D. Burns, Esq. (#22777)