**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PATRINA CUTHBERTSON ) | Case No.: 18-12627 |
| ) | |
| Debtor ) | Chapter 13 |
| ) | |
| v. ) | |
| ) | |
| COMPTROLLER OF MARYLAND ) | |
| ) | |
| Claimant ) | |
| ) | |

**ANSWER TO OBJECTION TO CLAIM NO. 23**

Now comes the Comptroller of Maryland ("Comptroller"), Claimant, by its undersigned counsel, and respectfully represents:

1. That the Comptroller filed Claim No. 23 on August 10, 2018. The Comptroller's claim is based on the Debtor's income tax liability on February 28, 2018 (the "Petition Date"). [1]

| Tax Year | Tax | Penalty | Interest | Balance |
|---|---|---|---|---|
| 2013 | $8,603.61 | $872.37 | $4,314.50 | $13,790.48 |
| 2015 | $4,949.04 | $494.90 | $1,166.77 | $6,610.71 |

2. The Comptroller relies on the priority status or unsecured general status in relation to the filing of claims. At the completion of the bankruptcy and if the Debtor receives a discharge, all years (tax liabilities) that are eligible for discharge are written off and the accompanying lien(s), if any, are released as "Satisfied" as well. This treatment

---

[1] Claim figures are rounded for the purposes of the claim.

applies to priority and unsecured general debts as well.  If there are years that are not dischargeable as an unsecured general claim, the claim reflects that status.[2]

3.  The Sixth Circuit Court of Appeals described the options a secured creditor has in response to a bankruptcy proceeding:

> Under the Bankruptcy Code, "there are several avenues of action open to a secured creditor of a bankrupt." *U.S. Nat'l Bank in Johnstown v. Chase Nat'l Bank of N.Y.C.,* 331 U.S. 28, 33, 67 S.Ct. 1041, 91 L.Ed. 1320 (1947). Generally speaking, a secured creditor: (1) "may disregard the bankruptcy proceeding," subject to the provisions of 11 U.S.C. § 362(a), "and rely solely upon his security"; (2) may file a secured claim with the bankruptcy court; (3) *may "surrender or waive his security and prove his entire claim as an unsecured one"*; or (4) may "avail himself of his security and share in the general assets [of the bankruptcy estate] as to the unsecured balance" of the debt. *Johnstown,* 331 U.S. at 33, 67 S.Ct. 1041. Once he selects one of these options, he may not disavow that choice and proceed down a different path.

*In re Bailey*, 664 F.3d 1026, 1029 (6th Cir. 2011) (emphasis added).

4.  Debtor is not harmed with the categorization of Claim No. 23.  As such, at the completion of the bankruptcy, tax year 2013 would be discharged and no payment would be due to the Comptroller for tax year 2013 as an unsecured general claim.

4. Claimant objects to Debtor's request for a listing of claims filed by the Comptroller in other bankruptcy cases due to the assertion that thousands of claims are filed inaccurately.  Debtor is not entitled to such tax claim information as it pertains to other bankruptcy cases.

5.  Should the court determine that Claim No. 23 should be amended, the Comptroller will file an amended claim.

---

[2] Unsecured General Claim Exceptions: (1) Non-Filer Assessments 11 U.S.C. §523(a)(1)(B)(i); (2) Late Returns 11 U.S.C. §523(a)(1)(B)(ii) or (3) Federal Adjustments – No Amended Returns Filed 11 U.S.C. §523 (a)(1)(B)(i).

**WHEREFORE**, the Comptroller respectfully requests:

a. that the Debtor's objection to proof of claim be denied;

b. that the Comptroller's Claim No. 23 be allowed as filed in the amount of $20,402.00; and

c. that the Comptroller be granted such other and further relief as may be appropriate.

Respectfully submitted,

 /s/ Kimberly B. Stephens
Kimberly B. Stephens, Bar No. 28572
Compliance Division - Room 410
301 West Preston Street
Baltimore, MD  21201
Phone: 410-767-1562
Fax: 410-333-7499
kstephens@comp.state.md.us

ATTORNEY FOR THE
COMPTROLLER OF MARYLAND

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of September 2019, I electronically noticed through the ECF system, copies of the foregoing Answer to Objection to Claim, to the following parties:

John D. Burns, Esquire
The Burns Law Firm, LLC
6303 Ivy Lane
Suite 102
Greenbelt, MD 20770
*Attorney for Debtor*

Timothy P. Branigan
Chapter 13 Trustee

                                                /s/ Kimberly B. Stephens
                                                Kimberly B. Stephens