Entered: November 27th, 2019
Signed: November 27th, 2019

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.  18-12627-LSS |
| Patrina Cuthbertson, | * | Chapter  13 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

This matter came before the Court on October 29, 2019 for a hearing on the Request to Stay Plan Distribution's Pending Show Cause Filing and Objection to Claim of Comptroller of Maryland [Dkt. No. 51] (the "Request to Stay") and Objection to Claim of Comptroller of Maryland or in the Alternative to Reconcile Claim 22; 23 and Lien Asserted by Claimant [Dkt. No. 52] (the "Claim Objection"), filed by Debtor, the Answer to Objection to Claim No. 23 [Dkt. No. 59] (the "Response"), filed by the Comptroller of Maryland, and Debtor's Reply thereto [Dkt. No. 63] (the "Reply"). At the conclusion of the hearing, the Court took the foregoing under advisement. For the reasons stated herein, the Court finds and concludes that the Request to Stay should be denied as moot and that the Claim Objection should be granted, in part, and denied in part.

This Court has jurisdiction to hear this matter, pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52, made applicable to this contested matter by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. To the extent appropriate, the following findings of fact shall be deemed conclusions of law and *vice versa*.

I.    **Background.**

Debtor filed her Chapter 13 Voluntary Petition [Dkt. No. 1] on February 28, 2018. Twenty days prior to the expiration of governmental claims bar date, Debtor filed a protective proof of claim on behalf of the Comptroller of Maryland, Claim No. 22. In Claim No. 22, Debtor listed a debt to the Comptroller of Maryland of $19,199.35 bearing interest at 13%. Debtor listed the debt as fully secured by "Debtor's real property in Maryland" and attached a Notice of Lien of Judgment for Unpaid Tax (the "Notice of Lien") filed by the Comptroller of Maryland in the Circuit Court for Prince George's County, Maryland on June 9, 2017.

On August 7, 2018, the Comptroller of Maryland filed a proof of claim, Claim No. 23. The Comptroller of Maryland listed an entirely unsecured debt of $20,402.00, $6,116.00 of which being entitled to priority under 11 U.S.C. § 507(a)(8). The Comptroller of Maryland did not list an interest rate applicable to the claim.[1] The Comptroller of Maryland attached an itemization of its claim, listing $14,286.00 as tax, interest, and penalty for 2013 as well as

---

[1] At the hearing, Debtor posed the question of what interest rate would apply to the Comptroller's claim in the event this case is dismissed without a discharge. The Court may not provide an advisory opinion to this hypothetical question. *See Sierra Club v. Morton*, 405 U.S. 727, 731–732 (1972).

2

penalties for 2015, and $6,1116.00 as tax and interest for 2015. In the itemization line titled "Secured by Tax Lien," the Comptroller of Maryland listed "$0.00." On September 6, 2019, the Court entered an Order Confirming Debtor's Chapter 13 Plan [Dkt. No. 41], which provided for distributions to the Comptroller in accordance with Claim No. 22.

On August 19, 2019, Debtor filed the Request to Stay. Therein, Debtor moves the Court to order the Chapter 13 trustee to withhold further distributions under the confirmed plan pending the outcome of her Claim Objection and a "Fee Application soon to be filed." As this Memorandum Order resolves the Claim Objection and Debtor's counsel has not filed the anticipated fee application, the Request to Stay is moot and should be denied as such.

On August 27, 2019, Debtor filed the Claim Objection. Debtor details the difficult position she is in given the inconsistency between Claim Nos. 22 and 23 and the potential problems arising from the lingering Notice of Lien. In the Claim Objection and Reply, Debtor further argues that the Comptroller has acted in bad faith by fileing an unsecured claim while maintaining the Notice of Lien. Debtor asks the Court to disallow Claim No. 23 or, in the alternative, to disallow Claim No. 22. Debtor further requests that the Court compel the Comptroller to justify its policy of filing unsecured claims while maintaining notices of liens in the county records and to award Debtor litigation expenses related to the Claim Objection.

The Comptroller does not dispute that it intentionally filed its claim as unsecured despite being aware of its security interest in Debtor's real property in accordance with the Notice of Lien. The Comptroller cites the Sixth Circuit Court of Appeal's decision in *In re Bailey*, 664 F.3d 1026 (6th Cir. 2011) as support for its position that, as a secured creditor, it is entitled to "'surrender or waive [its] security and prove [its] entire claim as an unsecured one." *Id.* at 1029. The Comptroller describes its general policy for participating in bankruptcy cases as follows:

> The Comptroller relies on the priority status or unsecured general status in relation to the filing of claims. At the completion of the bankruptcy and if the Debtor receives a discharge, all years (tax liabilities) that are eligible for discharge are written off and the accompanying lien(s), if any, are released as "Satisfied" as well. This treatment applies to priority and unsecured general debts as well. If there are years that are not dischargeable as an unsecured general claim, the claim reflects that status.

Response, Dkt. No. 59, pp. 1-2, ¶ 2. The Comptroller asks that the Court deny the Claim Objection and allow Claim No. 23.

**II.       Analysis.**

       A.       Claim No. 22 Should Be Disallowed.

Fed. R. Bankr. P. 3004 authorizes the debtor or trustee to file a "protective" proof of claim on behalf of a creditor "[i]f a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c)." Rule 3004 comports with 11 U.S.C. § 501(c), which provides, "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." Prior to a 2005 amendment, Rule 3004 allowed the filing of protective proofs of claim before the expiration of the claims bar date. Fed. R. Bankr. P. 3004 (effective prior to Dec. 1, 2005). Where the debtor or trustee filed a protective claim and the creditor later filed its own claim, pre-amendment Rule 3004 provided that the creditor's claim would supersede the protective proof of claim. *Id*. In 2005, Rule 3004 was amended to provide that the trustee or debtor must await the expiration of the applicable claims bar date before filing a protective proof of claim.[2]

---

[2] Fed. R. Bankr. P. 3004, 2005 committee comment:

> The rule is amended to conform to § 501(c) of the Code. Under that provision, the debtor or trustee may file proof of a claim if the creditor fails to do so in a timely fashion. The rule previously authorized the debtor and the trustee to file a claim as early as the day after the first date set for the meeting of creditors under § 341(a). Under the amended rule, the debtor and trustee must wait until the creditor's opportunity to file a claim has expired. Providing the debtor

4

Debtor filed Claim No. 22 prior to the expiration of the governmental claims bar date. The Court need not determine whether a protective claim filed prior to the expiration of the applicable claims bar date must be disallowed in all cases. In this instance, it is clear that Claim No. 22 is, at a minimum, superseded by Claim No. 23. Accordingly, the Court finds and concludes that Claim No. 22 should be disallowed.

B.     Debtor's Objection to Claim No. 23 and Request for Sanctions are Denied.

Debtor urges the Court to not only disallow Claim No. 23, but also award sanctions against the Comptroller because it filed an unsecured claim with the knowledge that its claim was at least partially secured against Debtor's real property and without disclosing the existence of such lien. Numerous courts have addressed the consequences of a secured creditor filing an unsecured claim. However, the Court has found no compelling authority supporting the imposition of sanctions on account thereof. While Debtor's counsel's efforts are laudable, the strongest authority he provided for his position was *White v. FIA Card Services, N.A.*, 494 B.R. 227, 230–31 (W.D. Va. 2012), wherein the bankruptcy court quotes from an unpublished order stating, presumably in dicta, that such conduct may violate the provisions of Fed. R. Bankr. P. 9011(b). *See* Reply, Dkt. No. 63, p. 8 (*quoting White*, 494 B.R. at 230-31 (*quoting In re Burnette*, No. 11–71622, at 2 (Bankr. W.D. Va. November 18, 2011)). However, in *White*, the court merely concludes that the creditor "cannot have it both ways," meaning that the creditor may not share in the plan distributions as a fully unsecured creditor while maintaining its lien against the debtor's property.

---

and the trustee with the opportunity to file a claim ensures that the claim will participate in any distribution in the case. This is particularly important for claims that are nondischargeable.

Since the debtor and trustee cannot file a proof of claim until after the creditor's time to file has expired, the rule no longer permits the creditor to file a proof of claim that will supersede the claim filed by the debtor or trustee. The rule leaves to the courts the issue of whether to permit subsequent amendment of such proof of claim.

For more than a century, it has remained well settled that a secured creditor who files an unsecured claim in a bankruptcy case while fully aware of its lien against the debtor's property and without disclosing the existence of such lien thereby waives such lien. *See Maxwell v. McDaniels*, 195 F. 426, 428 (4th Cir. 1912) (holding, under the Bankruptcy Act, that a secured creditor waives or releases its security by filing an unsecured claim); *Morrison v. Rieman*, 249 F. 97, 102 (7th Cir. 1917) ("[W]here a secured creditor deliberately, and not through error or inadvertence files his claim as unsecured, making no mention of his security, he thereby waives it in favor of the estate, and cannot, after adjudication, assert it."). In *Maxwell*, the Fourth Circuit held that "[a]cts relied on as a waiver or a release must either be done with intent to waive or to release or else they must be such as might reasonably have led, and in point of fact did lead, other persons to act to their hurt upon the assumption that the waiver or release had been made." *Maxwell*, 195 F. at 428–29. This is clearly the case here as the Comptroller filed Claim No. 23 with the intention of participating in this bankruptcy case and receiving plan distributions as an unsecured creditor.

Under the Bankruptcy Code, courts continue to hold that the filing of an unsecured claim by a secured creditor with knowledge of its security interest is a waiver of such security interest. *See* 46 A.L.R. 922 (Originally published in 1927, updated in 2019) (and cases cited therein) ("In explaining the continuing validity of pre-code case law, the authors state that "although the provisions of the present act differ somewhat on this subject from provisions in previous acts, the difference is not substantial."). In *In re Bailey*, 664 F.3d 1026 (6th Cir. 2011), the Sixth Circuit Court of Appeals provided the following enumeration of the options available to a secured creditor of a debtor in bankruptcy:

> Generally speaking, a secured creditor: (1) "may disregard the bankruptcy proceeding," subject to the provisions of 11 U.S.C. § 362(a), "and rely solely

upon his security"; (2) may file a secured claim with the bankruptcy court; (3) may "surrender or waive his security and prove his entire claim as an unsecured one"; or (4) may "avail himself of his security and share in the general assets [of the bankruptcy estate] as to the unsecured balance" of the debt.

*Bailey*, 664 F.3d at 1029 (*quoting U.S. Nat. Bank in Johnstown v. Chase Nat. Bank of New York City*, 331 U.S. 28, 33 (1947)).

In filing Claim No. 23, the Comptroller selected the third option. The Comptroller waived its security interest and chose to prove its entire claim as an unsecured claim. The Comptroller was well within its rights to choose this course of action and the Court is not aware of any obligation on the Comptroller to disclose the existence of its lien upon filing an unsecured claim. Accordingly, there are no grounds for disallowing Claim No. 23 or awarding sanctions against the Comptroller and Debtor's requests therefore should be denied.

Lastly, to the extent the Claim Objection or Reply could be interpreted to include a request that the Court order the Comptroller to file a release of the Notice of Lien in the county record, such request for injunctive relief would require an adversary proceeding and is not properly before the Court. *See* Fed. R. Bankr. P. 7001(7).

### III.     Conclusion.

Based on the foregoing, the Court finds and concludes that the Claim Objection should be granted, in part, and denied, in part, and the Request to Stay should be denied as moot. Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Request to Stay is **DENIED** as moot; and it is further,

**ORDERED**, that the Claim Objection is **GRANTED**, in part, such that Claim No. 22 is hereby **DISALLOWED**; and it is further,

**ORDERED**, that the remainder of the relief requested in the Claim Objection is **DENIED**, including Debtor's objection to Claim No. 23 and request for sanctions.

cc: Debtor
   Comptroller of Maryland
   Chapter 13 Trustee

**END OF ORDER**